IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID K. TATE, § | | |
| TDCJ #1245502, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-2265 | |
| § | | |
| HOUSTON POLICE § | | |
| DEPARTMENT, *et al.*, § | | |
| § | | |
| Defendants. § | | |

# **MEMORANDUM AND ORDER ON DISMISSAL**

The plaintiff, David K. Tate, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Tate proceeds *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   BACKGROUND

Tate is currently in custody at TDCJ's Lynaugh Unit in Fort Stockton, Texas. Tate sues the Houston Police Department ("HPD"), two HPD Officers who participated in Tate's arrest on July 3, 2003, and two private citizens who filed charges against him. In particular, Tate complains that these defendants conspired to lodge false criminal charges against him that resulted in his false arrest, conviction, and imprisonment for burglary of a habitation.

Tate seeks compensatory and punitive damages from each of the defendants. The Court concludes, however, that Tate's complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome*

*v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.   DISCUSSION

Tate seeks monetary damages from all of the defendants for his false arrest and imprisonment as a result of alleged wrongdoing associated with his criminal conviction. However, it is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.*

Tate's allegations of false arrest and false imprisonment would, if true, necessarily implicate the validity of his conviction.  Tate does not allege or show that his conviction has

been set aside by an authorized tribunal or a petition for federal habeas corpus relief. Because his civil rights claims of false arrest and false imprisonment are barred by *Heck* they are not cognizable under 42 U.S.C. § 1983 at this time. Accordingly, these claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of David K. Tate (TDCJ #1245502) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on July 6, 2005.

Nancy F. Atlas
United States District Judge